Good morning, Your Honors. Gabriel Gillette from Gibson, Dunn & Crutcher, pro bono counsel for Petitioner Henry Torres Sandoval. If I may, I'd like to reserve two minutes for rebuttal. So first, I'd say that I agree completely with counsel for Martinez. We think IALA controls here. We think IALA controls. Oh, go ahead. Can I just, do you have the same notice where your client was told you have 30 days to take an appeal to the BIA, or no? We have the same notice as Martinez. Ours is at page 13 of the initial report. You don't have the same notice as the petitioner got in IALA. That's right. I would add two reasons why I think the notice that we got is misleading. It's different than what happened in IALA, but I think it's still problematic. The first is, as Your Honor referred to with the regulations, even though our order from the IJ says there are no administrative appeal rights, it says nothing about filing a petition for review in this court. And I think that alone is misleading enough. It might not be an affirmative misstatement, but if you think about many other contexts, securities law, et cetera, filing and having an incomplete statement is often just as bad as an affirmative misstatement. And can we just finish that? Is your argument then that on the front end, like IALA, we would be able to say that the IJ's, the administrative proceeding isn't over? That's right, yes. And I'll address the jurisdictional aspect. So you're not trying to make a tolling argument, really? You're arguing that there was a reason for your client to believe that the immigration proceeding wasn't final? That's right, as to IALA. And the second reason why I think that we have a misleading statement in this case is that if you go to the filing receipt, ours is the same. It's the agency. This is not some sort of stock bounce back where the agency says, thank you for your paper. We'll get to it. It says appeal from an alien in a reasonable fear case, but that doesn't exist. So I think that alone suggests you're in the right place. The other thing that troubles me is that down in the receipt, it directs the immigrant to the BIA practice manual. It says specifically, if you have questions, go to the manual. But it's obviously a form notice. And I'll grant you it does. Someone typed in reasonable fear case or something to indicate that it's of that variety. But I think what your opponent has said is that, come on. The people in the clerk's office who get these things, they're not trained lawyers. They don't have the ability to scrutinize the nature of the underlying proceeding to figure out whether this thing is or is not properly here. So we're just generating the same form order that we do in the other 99.9% of the proceedings where an appeal to the BIA is not only proper, but it's required, right? But I think that's the difference here, Your Honor, is that here, even a clerk's office official, a non-lawyer, a regular person can have a list of cases where a board appeal is flatly not an option and say, wait a minute. I can't type into my form, appeal by an alien in a reasonable fear case, because that doesn't exist. And that brings me to- Counsel, having spent some time trying to manage a clerk's office in another life, I mean, things come across the counter that say all kinds of things. There is not going to be a comprehensive list of what we don't do, right, of what we don't accept, because you get all kinds of things. So that's not the most persuasive argument to me. So I think the practice manual helps me in that regard. The practice manual says, specifically, what the board has jurisdiction over. One of those things, the manual says, is the cases arising under the Convention Against Torture, which reasonable fear proceedings are. But they would have discretion to take this. That's your view? The board could have done something? I think for the board to have done something, the regulation has to disappear. And I think there are good reasons for that, but they're not central to this case, and I don't think you have to reach it. The regulation has to disappear? Meaning the regulation would be invalid. If the regulation that says there's no board appeal exists, and it does today, then it's valid. The first sentence that I mentioned in that regulation, in subpart A, says that EOIR has jurisdiction over the whole thing. So I guess I read the regulation to say that there isn't a board appeal, and that that's the way that the agency is. That's under G1, but that's my question. Isn't that claims processing, given that they first assert that the EOIR has jurisdiction? I mean, and I'm using that as a term of art. And then later says, we have to reconcile it. The same regulation indicates that the appeal cannot be taken to the, well, period, you can't take an appeal, right? We know that's not really correct, so what is your response? How should I interpret that? I think it makes sense to interpret it in a way that allows the board to review these types of cases. And I think the other part of the practice manual, that to get back to my point about why it's misleading, it's not only that it says affirmatively the board has jurisdiction in CAT cases, it lists 11 different categories where the board does not have jurisdiction. Reasonable fear is not listed on that, among those 11. And I think if you follow the board's instructions and you say, thank you for, I got your receipt. Maybe I'm not going to say that this means I'm in the right place, but I'll consult the practice manual just to make sure. Why is it that reasonable fear isn't one of those 11 categories? To me, that says you're here. But I think that says that you're in the right place, because the manual doesn't say you're in the wrong place. Now, I think with that aside, you can find that the petition here is timely, going another direction, irrespective of IALA. And that's to follow the steady stream of Supreme Court precedent and find that 1252b1 is not jurisdictional. It's a claims processing statute. It is a quintessential claims processing statute in the words of the Supreme Court. And I think you can get there. I think that the language of that provision doesn't say anything about a court's power. What it says is, you must file your petition for review within 30 days. If you look at the structure of 1252. Yeah, I mean, your argument on this point is going to be persuasive. It's just precluded by precedent. And I don't think that's a problem here. I grant that it's precluded by precedent. But the Supreme Court has essentially given you permission, given you instruction, to accord that precedent no effect. Why is that? Go right ahead. I was just going to ask, why is that 1995 or so Supreme Court case not closely enough on point? Stone. Well, I think the first reason is that it's a different statute. Stone addresses. So it's the exact same context, if I remember? No, it's very different, Your Honor. In 1105a, which is what Stone addressed, the court's power and the deadline are within the same sum section of the statute. They're both within 1105a sub a. In 1996, Congress scrapped 1105a entirely, and it put in place 1252. 1252 sub a deals with the court's power. It lists, I think, seven different areas where there's no jurisdiction. And then 1252 sub b has the filing deadline in it. It also has venue, which this court held is not jurisdictional in that context. It has service rules, which are not jurisdictional. It has deadlines for filing appellate briefs. It has a variety of things, none of which are jurisdictional, unlike 1252 sub a. Now, there's one small exception, and I think it helps us here. 1252b-9, if you read it today, has a jurisdictional component to it. It has two sentences. The second one is jurisdictional. When Congress enacted the statute in 1996, that second sentence wasn't there. It was just the first sentence, which does not appear to be jurisdictional. In 2005, Congress added the second sentence. In other words, Congress took the affirmative step of making clear that that one provision within b was jurisdictional. But it didn't touch b1. It said nothing about the filing deadline. And I think Congress had, I think you have to read something into that, especially given that the contract case had already been decided by the time Congress did that. And since contract, it is now incredibly clear that the Supreme Court tells this court and others, apply the clear statement principle, ignore drive-by jurisdictional rulings, which frankly, IALA made another one, and apply the law in the way that's proper. And finally, fix these incorrect rulings that say that statutory filing deadlines are jurisdictional, when in fact, they're just traditional claims processing rules subject to equitable tolling. I see my time is ticking down. Is this for, does this include my time for rebuttal? Yep. OK. Then I'll pause and come back. Give me the subsection again that you were just guessing. Was it 1252b9? Yep. That's what you were referring to? Yeah, it's two sentences. Thank you, counsel. You're back. It's like a bad panic. No, no. You're very welcome. Your Honor, if I could just begin with one point on 1105a versus 1252a. 1105a says that review by the courts in accordance with 28 U.S.C. 2341, et cetera, is the sole and exclusive means except for, and then it lists a whole bunch of provisions, including the time limit, the venue, et cetera. The only difference between that and 1252 is that 1252a said except for what's in subsection b. Subsection b lists the filing deadlines, the venue, et cetera. I would say that it is very, very difficult to say that Congress has, by implication, stripped the filing deadline of its jurisdictional implication in that situation. That being said, I would also point out there's a difference between this case and the previous one. Mr. Sandoval had an attorney. And his attorney should have started with the order that said there is no administrative appeal, which may not mean something to an individual on the street, but it certainly should mean something to an attorney. There is no administrative appeal. If you want review, you will have to go outside the administrative system. That implication is very clear. And I don't think that this situation is analogous to the previous one. Nor would I think that even if there was no attorney, that this is the type of situation that has classically called for equitable tolling. Simple mistakes made by petitioners are not grounds for equitable tolling. The board has a right under Vermont Yankee to decide how to set up its regulatory procedures. And these procedures are not stripping these litigants of their constitutional rights. Not really tolling. I mean, I don't view it as the equivalent of equitable tolling. It's just trying to figure out when the administrative review process has ended, right? And that's something we get to determine, you, the BIA, and the rest of it. You guys don't get to determine that. Well, Ayala would certainly say that what the court was doing was determining the end of the process. Right. And I grant you, yes, in Ayala, there was an affirmative misstatement that misled somebody. And that's more egregious, obviously, than what we're dealing with here. But the same rationale would seem to extend to this context. At least if we were to say that unless the notice is much more explicit in saying, here's the next step, don't bother us anymore. You have to go outside, as you said, the administrative process. The Ninth Circuit is your next stop. Must file there within 30 days. I don't see the, if we were to adopt that holding and extend Ayala to this situation, that it would be radically different. It would be an extension, I'll grant you that. But it wouldn't be a radically different rationale, would it? I think that would be radically different because that would step in and rewrite and start running the agency for it. At a certain point, the question is, is there enough? Or is the notice confusing? Was there a detriment? Without the detriment, this is a dramatically different situation. As Ayala stated, there is no appeal to the board. It is clear that the regulations say that. What do you mean without the detriment? What do you mean? If there wasn't detrimental reliance, if there wasn't something where there was a mistake made by the agency that the petitioner relied on to their detriment, then we're dealing with a standard case of negligence on behalf of the petitioner or his representative. OK, but let's say that the notice here merely said, the notice that's at the bottom of the IJ's order just said, this order is final, period. And that's it. Nothing else. And we had the same situation. You would say that in that scenario, where the pro se person files an appeal to the BIA, thinking that this is just like the other 99.9% of the proceedings where that's what you have to do, that we would be barred from saying that the administrative appeal process was ongoing, as long as they timely filed to the BIA? I don't think you would say that, right? I would say that that is a tougher question, if it simply said, this is final. And the reason it's tougher is because it's not fair to impute to a pro se person, certainly, the knowledge that the mere use of the word final means that you now have to go outside of the administrative appeals process altogether and go somewhere else, right? But I think a pro se person is still obligated to follow the regulations and the law. And the law, the regulations do not provide for an appeal. And the law requires the next step to be to the Court of Appeals. And all we would be saying is, that's fine. You all can structure the administrative review process however you want. Just be clear in telling people how it works. And if you do that, then, of course. I mean, I just don't think that's why the petitioner in the other case was starting to suggest that even if the notice had been very explicit in those terms, that somehow somebody could stretch out the administrative review process merely by filing a fruitless appeal. We wouldn't be saying that. We would just be saying, if you want it to end when the IJ issues the order, you must make it very clear that the next stop is the Ninth Circuit. And if you do that, all's good. I would suggest that the bare requirement is that the agency not confuse. The agency didn't do that in this situation. The agency went one step further and said, there is no administrative appeal. Could it have gone another step further? There is always, there are more steps to perfection. Would you like to respond to opposing counsel's point that the receipt also referred the litigant to the practice manual and that that may have been confusing because it omits mention that there isn't jurisdiction for this type of proceeding? The practice manual is not what controls the rights and responsibilities. Absolutely. I'll grant you that. I'm just trying to get his point. I'm just wanting your response that that may have been confusing. And it was on the face of the receipt. It said, go look at this handy practice manual. What that means is that you can read the receipt letter very carefully and go off on 1,000 different rabbit trails. But you can't read the order of the immigration judge, which is what that form decision is. And actually ask what that means when it says there is no administrative appeal. OK, what about if I read it and I'm really diligent and I look at the regulation and the regulation just tells me there's no appeal, period? Then it would tell me that I can't stay in front of this organization. I've got to go to the court. It says no appeal, period. It says no appeal. It doesn't talk about administrative appeal. It just said no appeal. And you think that would put the, is that your position, that it would put the litigant on notice that it needs to go outside and go to the court to appeal? It does not confuse the litigant and send them down the wrong path. Well, it might keep him home. It might just prevent him from filing anything. And I think your real response is the one you made earlier. He didn't rely on this because he did file. Yes. OK, it's a really interesting case. Thank you. Is there anything further? No. Anything. Your Honors, I'd just make two quick points on rebuttal. The first is that equitable tolling is satisfied here. I think we briefed the issue. And you can look there if you find that 1252B1 is not jurisdictional. And I think this panel should be assured that it has the power to make the decision that 1252B1 is not   It's not jurisdictional. It's not jurisdictional. The Miller case under the Golden Valley case and some of the others we cite in our briefs, there's no need to go on bonk or feel bound by those drive-by rulings. And finally, I'd point out that the government essentially concedes the merits of our case, that we argue the merits. They didn't. And so the proper remedy, whether it's going through IALA or it's finding the 1252B1 is not jurisdictional, is to grant the petition and remand for the board to grant withholding. Thank you. Thank you. And I want to thank all pro bono counsel for your participation in this case. We appreciate it very, very much. And we're going to take a 10-minute break. Apologize.
judges: Christen, Watford, Soto